IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*

JOSHUA A. HUFFMAN,

    Plaintiff,

v.      Case No.: GJH-16-516

WICOMICO COUNTY DETENTION CTR.,

    Defendant.

## MEMORANDUM OPINION

On February 19, 2016, Joshua A. Huffman, an inmate at Western Correctional Institution, filed suit against the Wicomico County Detention Center ("WCDC") under 28 U.S.C. § 1983 for denying him access to the courts. As relief, Huffman seeks $1 million in damages. *See* ECF No. 1. Pursuant to the Court's Order, Huffman supplemented the Complaint on April 7 2016. *See* ECF Nos. 3 & 6. His prisoner account statement demonstrates he is indigent; thus, his Motion for Leave to Proceed in Forma Pauperis, ECF No. 2, shall be granted.

Huffman claims that he was continually denied access to the prison law library at WCDC between April and August of 2015. ECF No. 1. Additionally, he asserts that correctional officers refused to make copies of legal documents for him and threw away some of his papers when he was transferred from WCDC. *Id.* Huffman claims that by the time he was able to find case law helpful to him, his trial had already concluded.[1] Huffman, who was convicted in the Circuit

---

[1] Huffman summarily alleges that WCDC made prisoners "use the shower as a bathroom" and monitored cameras that captured inmates using the bathroom in their cell. ECF No. 1-1 at 2. These appear to be the same claims he has raised in *Huffman v. Wicomico County Detention Center*, GJH-16-515 (D. Md.). Thus, they will not be addressed here.

Court of Wicomico County of committing a second-degree sex offense involving a five-year-old victim and sentenced to life imprisonment, was represented at trial by counsel. *See Maryland v. Huffman*, No. 22K12000370 (Wicomico Cnty. Cir. Ct. Aug. 13, 2015), available at http://casesearch.courts.state.md.us/casesearch/inquiryDetail.jis?caseId=22K12000370&loc=4&detailLoc=K. Huffman's appeal of his conviction is currently pending before the Court of Special Appeals of Maryland. *Id.*

This Complaint was filed under 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the filing fee. To protect against possible abuses of this privilege, the statute requires a court to dismiss any claim that "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii); *see also* 28 U.S.C. § 1915A(b)(1) The Court is mindful, however, of its obligation to liberally construe the pleadings of pro se litigants such as Huffman. *See Erickson v. Pardus*, 551 U.S. 89, 94, 127 S.Ct. 2197 (2007). In evaluating a pro se complaint, a plaintiff's allegations are assumed to be true. *Id.* at 93 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56, 127 S.Ct. 1955 (2007)). Nonetheless, liberal construction does not mean that a court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990); *see also Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) (stating that a district court may not "conjure up questions never squarely presented" to save a case from dismissal).

To sustain an action under 42 U.S.C. § 1983, Huffman must demonstrate that: (1) he suffered a deprivation of rights secured by the Constitution of the United States; and (2) the act or omission causing the deprivation was committed by a person acting under color of law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Defendant WCDC is not a "person" and thus is not subject to

suit under § 1983. *See, e.g., Montgomery v. Conmed, Inc.*, No. ELH-13-0930, 2016 WL 241738, at *n 6 (D. Md. Jan. 19, 2016) (dismissing Detention Center because it was not a "person" subject to suit under 42 U.S.C. § 1983); *Marsden v. Fed. Bureau of Prisons*, 856 F. Supp. 832, 836 (S.D.N.Y. 1994) ("[A] jail is not an entity that is amenable to suit."); *Powell v. Cook County Jail*, 814 F. Supp. 757 (N.D. Ill. 1993) (jail not subject to suit). For this reason, the claims against WCDC must be dismissed.

Further, the right of access to the courts is the right to bring to court a grievance, and violation of that right occurs only when an inmate is "hindered [in] his efforts to pursue a legal claim." *Lewis v. Casey*, 518 U.S. 343, 355, 116 S.Ct. 2174 (1996). Huffman asserts that if he had adequate time in the law library prior to his court date, the results of his trial would have been more favorable to him. ECF No. 6 at 5. Specifically, he claims that had he had more time, he could have accessed previous transcripts and statements of impeachment. This conclusory and speculative allegation is insufficient to premise a claim for denial of access to the courts. *See Cochran v. Morris*, 73 F.3d 1310, 1317 (4th Cir. 1996) (noting that an inmate cannot rely on conclusory allegations; he must identify with specificity an actual injury resulting from official conduct). "Ultimately, a prisoner wishing to establish an unconstitutional burden on his right of access to the courts must show 'actual injury' to 'the capability of bringing contemplated challenges to sentences or conditions of confinement before the courts.'" *O'Dell v. Netherland*, 112 F.3d 773, 776 (4th Cir. 1997) (quoting *Lewis*, 518 U.S. at 355). An allegation of actual injury requires that the inmate demonstrate that his "nonfrivolous" post-conviction or civil rights legal claim has been "frustrated" or "impeded." *Lewis*, 518 U.S. at 353–55.

Absent details or evidence to show actual injury, Huffman fails to set forth a colorable claim. Huffman, who was represented by counsel at trial, fails to state with any specificity how

his purported inability to access unspecified transcripts prevented him from preparing an effective trial defense, and his allegations are insufficient to state a claim.

For the foregoing reasons, the Court will dismiss this action pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). A separate Order follows.

5/2/2016
Date

GEORGE J. HAZEL
UNITED STATES DISTRICT JUDGE